KAWAHITO SHRAGA & WESTRICK LLP
James K. Kawahito (No. 234851)
Alison Rose (No. 268937)
1990 South Bundy Dr., Suite 280
Los Angeles, CA 90025
Telephone: (310) 746-5300
Facsimile: (310) 593-2520
E-mail: jkawahito@kswlawyers.com
arose@kswlawyers.com

ATTORNEYS FOR PLAINTIFF
Adam Christian

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ADAM CHRISTIAN, an individual,<br><br>Plaintiff,<br>vs.<br><br>CUBIC TRANSPORTATION SYSTEMS, INC., a California corporation; URBAN INSIGHTS ASSOCIATES, INC.; a Delaware corporation; and DOES 1-10,<br><br>Defendants. | CASE NO. 2:15-cv-00181<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF SECTION 43(a) OF THE LANHAM ACT;**<br>**(2) VIOLATION OF SECTION 43(d) OF THE LANHAM ACT;**<br>**(3) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200** *et seq.***;**<br>**(4) VIOLATION OF CALIFORNIA COMMON LAW FOR TRADEMARK INFRINGEMENT;**<br>**(5) VIOLATION OF CALIFORNIA COMMON LAW FOR UNFAIR COMPETITION; and**<br>**(6) VIOLATION OF CALIFORNIA BUSINESS &** |

COMPLAINT

**PROFESSIONS CODE SECTION 14247**

**DEMAND FOR JURY TRIAL**

COMPLAINT

Plaintiff Adam Christian ("Plaintiff" or "Christian") alleges as follows:

## INTRODUCTORY STATEMENT

1. This action is brought to redress an egregious act of willful trademark infringement and cybersquatting by a giant corporation that did so with full knowledge of the wrongfulness of its conduct. Plaintiff is an entrepreneur who has used the marks at issue and become widely known as a result of years of his hard work and effort. Earlier this year he was contacted by Defendant Cubic Transportation Systems, Inc., who wanted to buy the "Urban Insights" domain name Plaintiff had registered and that bore the name of his well-known business. He was also informed that Cubic decided it liked the name "Urban Insights" so much it had already decided to start a new company using the same name.

2. Plaintiff ultimately refused to sell the domain or give up a name he had built up with years of hard work. However, the defendant corporation did not care, it proceeded with its plan, formed the new entity using the confusing name, and registered a virtually identical website in the name of that entity. Plaintiff therefore brings this action to address the defendants' knowing, willful, and egregious acts of infringement and bullying.

## PARTIES

3. Plaintiff Adam Christian is an individual who resides in the City of Los Angeles, California.

4. Upon information and belief, Defendant Cubic Transportation Systems, Inc. ("Cubic") is, and at all relevant times was, a corporation organized under the laws of California, and having its principal place of business in the City of San Diego, California.

5. Upon information and belief, Defendant Urban Insights Associates, Inc. ("UIA") is, and at all relevant times was, a corporation organized under the laws of Delaware, and having its principal place of business in the City of Arlington, Virginia. Upon information and belief, UIA is a wholly owned

subsidiary of Cubic.

6. On information and belief, Does 1-10 (collectively, the "Doe Defendants") are individuals and business entities who have participated or assisted in the conduct alleged herein or are otherwise responsible therefor. The identity of these Doe Defendants presently is not and cannot be known to Plaintiff, but these persons and/or entities will be added as named defendants to this action as and when they are identified. Unless otherwise indicated, Cubic, UIA, and the Doe Defendants are referenced collectively herein as "Defendants." Plaintiff is informed and believes and on that basis alleges that Defendants, and each of them, are, and at all times herein mentioned were, the agents, servants, employees, joints venturers, partners or alter egos of their co-defendants and were acting at all times within the course, scope, purpose and authority conferred upon that party by contract, approval or ratification, whether such authority was actual or apparent.

7. Plaintiff is informed and believes and based thereon alleges that all Defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, coconspirators, ostensible agents, partners and/or joint venturers, alter egos, and employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with the other allegations.

## JURISDICTION AND VENUE

8. This Court has jurisdiction by virtue of the fact that: (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, et seq. (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b).

9. Jurisdiction for the California state statutory claims is conferred in

1 | accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C.
2 | § 1367(a).

3 |     10.    Venue is proper in this Court under 28 U.S.C. § 1391(a) or (b) in that,
4 | on information and belief, a substantial part of the events or omissions giving rise
5 | to the claims occurred in this District and the damage resulting from these acts
6 | occurred in this District.

## FACTS

8 |     11.    Plaintiff Christian is a graduate of the master's program in urban
9 | planning at Harvard University's Graduate School of Design, where he specialized
10 | in real estate development and transportation planning.

11 |     12.    In or around Los Angeles, California, and no later than 2009,
12 | Christian began offering his services in this area using the trade name "Urban
13 | Insights", a consulting practice and policy forum that provides an array of
14 | consulting, lecturing, commentary, and related services in the urban planning and
15 | transit related industries. Christian has used the term Urban Insights continuously
16 | from 2009 to the present day in connection with the offering of these services.
17 | Christian's consulting services include, but are not limited to, grant application
18 | support, funding source identification, feasibility studies, value capture analysis,
19 | and long-range financial plans. In addition, Christian performs market studies and
20 | highest and best use analysis, advising both public- and private-sector clients on
21 | the optimal programming for transit-oriented developments.

22 |     13.    Christian is well known in the urban planning and transportation
23 | services communities as the founder of Urban Insights, and as someone who
24 | provides services using this trade name. He has been quoted regularly, served as a
25 | panelist in this area for industry forums, and become known for his expertise such
26 | that he has become widely known and recognized in the industry.

## THE URBAN INSIGHTS MARKS

28 |     14.    Since at least 2009, Plaintiff has made continuous use of the trade

name and unregistered marks Urban Insights and "UI" (together, the "Urban Insights Marks") to promote his consulting practice.

15. Plaintiff also uses two unregistered logo service marks (collectively with the Urban Insights Marks, the "logo marks"). Since approximately 2009, Plaintiff has used a logo consisting of the words Urban Insights printed in all capitals ("text logo"). A true and correct copy of the text logo is attached hereto as Exhibit "A." Plaintiff also uses an unregistered logo service mark consisting of the lowercase letters "ui" printed in white against a black square ("square logo"). A true and correct copy of the square logo is attached hereto as Exhibit "B."

16. For approximately five (5) years, Plaintiff has advertised his consulting services on a website using his trade name Urban Insights, the Urban Insights Marks, and the text logo. This website has been hosted at the domain name www.urbaninsights.com (the "Domain") for approximately four (4) years.

17. Christian has spent years promoting his consulting practice through the Domain and the use of the Urban Insights Marks. He has become widely known and regularly quoted in various media as the operator of Urban Insights and as an expert in the areas of urban planning and transportation services.

18. The trade name Urban Insights is inherently distinctive, and therefore immediately protectable upon its use as a mark.

19. The Urban Insights Marks and the logo marks are inherently distinctive and derive from the protectable trade name Urban Insights, and therefore are immediately protectable upon their use as service marks.

20. The trade name Urban Insights has also become distinctive through the acquisition of secondary meaning, over years of use in the urban planning and transportation services communities. The Urban Insights Marks and logo marks have likewise become distinctive through the acquisition of secondary meaning. The trade name and marks are uniquely identified with Plaintiff's consulting business.

21. Plaintiff's extensive use, promotion and advertising have caused the Urban Insights Marks and trade name to become exceedingly famous.

22. The Urban Insights Marks and trade name possess an extraordinarily valuable goodwill that belongs to Plaintiff.

23. Upon information and belief, Defendants egregiously, knowingly and willfully chose to use the identical and infringing name "Urban Insights" to trade off of Plaintiff's reputation and goodwill as explained further below.

## DEFENDANTS' UNLAWFUL CONDUCT

24. On or around February 10, 2014, Kim Gregory ("Gregory"), Cubic's Manager of Marketing Communications, contacted Christian to request that he sell the Domain to Cubic. Christian was simultaneously contacted by an anonymous domain broker who offered to purchase the Domain for $150.00. While the domain broker refused to identify his client, on information and belief, he was acting at Cubic's direction in an alternate effort to purchase the Domain. Christian declined both offers.

25. On or around March 4, 2014, and April 17, 2014, Gregory again wrote to Christian to request a sale of the Domain, but Christian would not sell the Domain.

26. Then, on or around May 9, 2014, Cubic's Director of Strategic Initiatives Phil Silver ("Silver"), also contacted Christian and explained that Cubic was starting a subsidiary using the name "Urban Insights," that it still wished to acquire the domain for that subsidiary's use, and that it would make use of the trade name regardless of whether the Domain was acquired. Christian continued to object to Cubic's efforts to infringe his rights, cause confusion, and misappropriate the Urban Insights Marks in the name of this new entity.

27. Once again, on or around June 19, 2014, Silver contacted Christian by email, and in a subsequent conversation, advised him that Cubic's new subsidiary would be calling itself "Urban Insights" and had purchased and registered the

domain www.urban-insights.com ("Infringing Domain"). Christian again objected.

28. On or around February 10, 2014, at around the same time Cubic first requested the sale of the Domain from Christian, Defendants filed an application with the United States Patent and Trademark Office to register a trademark for the term "Urban Insights" in several classes that overlap with the services Christian provides.

29. On information and belief, Cubic has established a facebook page, Twitter account, and YouTube account for its subsidiary using the term "Urban Insights" to identify itself.

30. Consequently, in the United States and in California, and on the world wide web, Defendants have advertised consulting services related to transportation and urban planning using Plaintiff's trade name, the Urban Insights Marks, a substantially similar logo, and a confusingly similar name without authorization or consent. A true and correct copy of UIA's website homepage is attached hereto as Exhibit "C."

31. Upon information and belief, and as a result of Defendants' unauthorized and extensive use of the name "Urban Insights" the public has been confused as to the Defendants' relationship to Plaintiff.

32. As a result of Defendants' unauthorized use of the Urban Insights Marks, Plaintiff has lost control of its reputation and goodwill. This has and continues to cause Plaintiff irreparable injury.

33. On information and belief, Defendants' aforesaid uses are with full knowledge that Defendants are violating Plaintiff's aforesaid rights in the Urban Insights Marks.

\\\
\\\
\\\
\\\

# FIRST CLAIM FOR RELIEF
## UNFAIR COMPETITION IN VIOLATION OF
## SECTION 43(a) OF THE LANHAM ACT
### (By Plaintiff Against Defendants)

34. Plaintiff re-alleges paragraphs 1 through 33, inclusive, as if fully set forth herein.

35. Defendants' acts, including but not limited to their conduct in using the Urban Insights trade name to describe the name of their newly formed entity, and to use the term as the address for their competing internet website, have caused or are likely to cause confusion, mistake or deception as to the sponsorship or approval of Defendants' services in that consumers and others in this District and elsewhere in the United States are likely to believe Plaintiff authorizes and controls the provision of Defendants' services in the United States or that Defendants are associated with or related to Plaintiff.

36. On information and belief, Defendants' acts have injured or are likely to injure Plaintiff's image and reputation with urban planning and transportation services professionals and organizations, the media, and prospective purchasers in this District and elsewhere in the United States by creating confusion about, and dissatisfaction with, Plaintiff's services.

37. On information and belief, Defendants' acts have injured or are likely to injure Plaintiff's reputation and relations with urban planning and transportation services professionals and organizations, the media, and prospective purchasers in this District and elsewhere in the United States by causing a diminution of the value of the goodwill associated with the Urban Insights Marks and a loss of business of his consulting practice.

38. Defendants' advertising and purchase of the confusingly similar domain name www.urban-insights.com is a knowing, deliberate, intentional, and willful attempt to injure Plaintiff and his consulting practice, to trade on Plaintiff's

reputation, and to confuse, deceive, and/or interfere with Plaintiff's relationships with urban planning and transportation services professionals and organizations, the media, and prospective purchasers in the United States and abroad.

39. Defendants' acts constitute unfair competition with Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court; wherefore, Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other things, an order enjoining and restraining Defendants from using the Urban Insights Marks.

## SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION IN VIOLATION OF
## SECTION 43(d) OF THE LANHAM ACT
### (By Plaintiff Against Defendants)

41. Plaintiff re-alleges paragraphs 1 through 33, inclusive, as if fully set forth herein.

42. Defendants have, and are, engaged in acts of cybersquatting of a type proscribed by Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

43. Defendants have registered and/or used and are using the domain name www.urban-insights.com with a bad faith intent to profit from the Domain and Plaintiff's Urban Insights Marks. Defendants are using the Infringing Domain in connection with the advertising and sale of transportation and urban planning related services in a manner which creates a likelihood of confusion among urban planning and transportation services professionals and organizations, the media, and prospective purchasers, thereby inducing them, and others, to believe, contrary to fact, that the services offered by Defendants are rendered, sponsored, or otherwise approved by, or connected with Plaintiff, which acts of Defendants have damaged and impaired that part of Plaintiff's goodwill symbolized by the Urban

Insights Marks to Plaintiff's immediate and irreparable damages.

44. Defendants' use of the Infringing Domain, in connection with the advertising and sale of transportation and urban planning services, constitutes cybersquatting within the meaning of The Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

45. Defendants' use of the Infringing Domain Name entitles Plaintiff to remedies pursuant to Section 43(d) of the Lanham Act of 1946, § 1125(d).

46. Defendants' acts of cybersquatting have caused Plaintiff irreparable injury, loss of reputation, and pecuniary damages. Unless, enjoined by this Court, Defendants will continue the acts of cybersquatting complained of herein to Plaintiff's immediate and irreparable damage, for which Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200
### (By Plaintiff Against Defendants)

47. Plaintiff re-alleges paragraphs 1 through 33, inclusive, as if fully set forth herein.

48. Defendants' acts constitute unfair competition in violation of California Business & Professions Code § 17200 et seq.

49. Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court; wherefore, Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other things, an order enjoining and restraining Defendants from using the Urban Insights Marks.

///
///
///

## FOURTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT IN
## VIOLATION OF CALIFORNIA COMMON LAW
### (By Plaintiff Against Defendants)

50. Plaintiff re-alleges paragraphs 1 through 33, inclusive, as if fully set forth herein.

51. Defendants' acts constitute trademark infringement of the Plaintiff's trademark rights in violation of California common law.

52. Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court; wherefore, Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other things, an order enjoining and restraining Defendants from using the Urban Insights Marks.

## FIFTH CLAIM FOR RELIEF
## UNFAIR COMPETITION IN VIOLATION
## OF CALIFORNIA COMMON LAW
### (By Plaintiff Against Defendants)

53. Plaintiff re-alleges paragraphs 1 through 33, inclusive, as if fully set forth herein.

54. Defendants' acts constitute unfair competition with Plaintiff in violation of the common law of the State of California.

55. Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court; wherefore, Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other things, an order enjoining and restraining Defendants from using the Urban Insights Marks.

///
///

- 10 -
COMPLAINT

## SIXTH CLAIM FOR RELIEF
## DILUTION IN VIOLATION OF CALIFORNIA
## BUSINESS & PROFESSIONS CODE SECTION 14247
### (By Plaintiff Against Defendants)

56. Plaintiff re-alleges paragraphs 1 through 33, inclusive, as if fully set forth herein.

57. Defendants' acts of dilution by blurring and dilution by tarnishment are likely to impair the distinctiveness and harm the business reputation and goodwill of the famous Urban Insights Marks in violation of California Business & Professions Code § 14247.

58. Defendants' acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court; wherefore, Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to, among other things, an order enjoining and restraining Defendants from using the Urban Insights Marks.

WHEREFORE, Plaintiff prays that:

1. Defendants and their partners, officers, agents, servants, employees, and attorneys, their successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action, and permanently thereafter, from using the Urban Insights Marks.

2. Defendants, and all others holding by, through or under Defendants, be required, jointly and severally, to:

    a. account for and pay over to Plaintiff all profits derived by Defendants from their acts of trademark infringement, unfair competition and dilution in accordance with 15 U.S.C. § 1117(a) and the laws of California, and Plaintiff asks that this profits award be trebled in accordance with 15 U.S.C.

|   |   |   |
|---|---|---|
| 1 |   | § 1117(a); |
| 2 | b. | pay over to Plaintiff all damages incurred by Plaintiff by reason of Defendants' acts of unfair competition and dilution in accordance with 15 U.S.C. § 1117(a) and the laws of California, and Plaintiff asks that this damages award be trebled in accordance with 15 U.S.C. § 1117(a); |
| 7 | c. | pay to Plaintiff the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a); |
| 10 | d. | pay to Plaintiff punitive damages in accordance with the common law of the State of California; |
| 12 | e. | deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the Urban Insights Marks in Defendants' possession, in accordance with 15 U.S.C. § 1118; |
| 16 | f. | disable the website www.urban-insights.com and deliver to Plaintiff that domain name; |
| 18 | g. | disclaim any association with Plaintiff, his consulting practice, and/or the Domain; |
| 20 | h. | file with the Court and serve on Plaintiff an affidavit setting forth in detail the manner and form in which Defendants have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116. |
| 24 | 3. | Plaintiff be awarded general, special, and incidental damages in an amount to be proven at trial in accordance with the law of California. |

\\\
\\\
\\\

- 12 -
COMPLAINT

4. Plaintiff has such other and further relief as the Court deems just and equitable.

Dated: January 9, 2015

        KAWAHITO SHRAGA & WESTRICK LLP
        James K. Kawahito

        By: /s/ James K. Kawahito

        *Attorneys for Plaintiff Adam Christian*

## DEMAND FOR JURY TRIAL

Plaintiff Adam Christian demands a trial by jury of all issues triable of right by jury.

Dated: January 9, 2015

                    KAWAHITO SHRAGA & WESTRICK LLP
                    James K. Kawahito

                    By: /s/ James K. Kawahito

*Attorneys for Plaintiff Adam Christian*